# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Jeffery Dale Tolliver, ) | |
| ) | Civil Action No.: 7-16-cv-03539-JMC |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| The County of Spartanburg, ) | |
| Dept. of Social Services, ) | |
| ) | |
| Defendants, ) | |
| ) | |

This matter is before the court pursuant to Magistrate Judge Shiva V. Hodges' Report and Recommendation recommending that Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process. This review also considers Plaintiff's Motions to Amend and Motion for Summary Judgment, filed subsequent to his objections. For the following reasons, this court **ADOPTS** the Magistrate Judge's Recommendation (ECF No. 15), **GRANTS** Plaintiff's Motions to Amend (ECF Nos. 17, 18), but finds the amendments have failed to cure the defects of Plaintiff's claim, **DISMISSES** Plaintiff's Complaint (ECF No. 1) *without prejudice* and without issuance and service of process, and therefore **DENIES** as **MOOT** Plaintiff's Motion for Summary Judgment (ECF No. 20)[1].

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The

---

[1] ECF No. 20 is formally the motion for summary judgment, its contents are a request for the court to send him copies of summary judgment documents; the actual request for relief may be found in ECF No. 18, which requests formal legal advice on South Carolina state court appellate procedure and the removal of this case from the federal court system. The first relief is inappropriate, the second is moot upon the dismissal of this case.

court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The parties were advised of their right to file objections to the Report. (ECF No. 15.) Plaintiff has filed timely objections. (ECF No. 17.)

## I. PROCEDURAL HISTORY

Jeffrey Dale Tolliver ("Plaintiff") is an inmate incarcerated at Spartanburg County Detention Center, proceeding *pro se* and *in forma pauperis*. On October 31, 2016, Plaintiff filed a § 1983 civil rights claim alleging violations of his constitutional rights by Spartanburg County and the Department of Social Services. (ECF No. 1.) Plaintiff is serving a six-month sentence for failure to pay child support, with 60 days suspended conditional upon the payment of $2,500.00 within the first 30 days. (ECF No. 1 at 2.) Plaintiff alleges he paid $300.00, but was unable to pay more due to financial hardships, and was at that time incarcerated until Plaintiff could pay $3,164.95. (ECF No. 1.) Plaintiff argues that his confinement violates his Eighth Amendment rights and constitutes cruel and unusual punishment, as he is being incarcerated for civil debts in the same housing as criminals who have committed unspecified "far worse offenses." (ECF No.1 at 3.) Plaintiff requests that his sentencing be overturned and that the amount he owes should be written off as a civil judgment. (ECF No. 1.) Plaintiff also requests that this court advise the Spartanburg County Court (a state court within the Seventh Circuit of the South Carolina Judiciary) to develop a work-release alternative to imprisonment for debtors (ECF No. 1 at 4.)

## II. RECOMMENDATION

Plaintiff filed his Complaint under 28 U.S.C. § 1915 for indigent plaintiffs. A district court may dismiss a case where the complaint fails to state a claim, or where complaint is deemed

frivolous or malicious. 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

A federal court must give a *pro se* litigant's filings liberal construction in order to allow for the development of a meritorious case where one can be found. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). A *pro se* complaint, regardless of how inartfully pled it may be, must be held to less stringent standards than formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 111 (1976). The court should analyze a complaint under the assumption that all of the allegations are true. *Bell AtlanticCorp. v. Twombly*, 550 U.S. 544, 555 (2007). The mandated liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so. However, the requirement for liberal construction does not allow a court to ignore a clear failure to allege facts that set forth a valid claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990.)

"A United States District Court has no authority to review final judgments of a state court in judicial proceedings." *D.C. Cir. v. Feldman*, 460, U.S. 462, 482 (1983). In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, the Supreme Court has clarified that the scope of the *Rooker-Feldman* doctrine "is confined to cases brought by state-court losers…inviting district court review and rejection of those judgments." 544 U.S. 280, 284 (2005). Here, Plaintiff's Complaint is a challenge to the judgment of a South Carolina family court, and the proceedings within and punishment imposed by said state court. (ECF No. 15.) Therefore, Magistrate Judge Hodges recommends Plaintiff's Complaint be dismissed *without prejudice* and without issuance and service of process.

## III. OBJECTIONS AND AMENDMENTS

Plaintiff objects generally and non-specifically on the grounds that the ratified laws of state bodies are subject to the federal government and the United States Constitution (including the Eighth Amendment). Plaintiff seeks to amend, accepting dismissal of his request for release and reiterating his requests that this court advise the Spartanburg Court to develop a work-release program and to overturn his state sentence on constitutional grounds. (ECF No. 17 at 2.) Plaintiff further seeks to amend requesting declaratory judgment for the above. (ECF No. 17 at 3.) Plaintiff objects to the grounds, asking, in spite of the inability for this court to act that "the Federal Court…review rulings by the State Courts" and declare his rights in dealing with the family courts and define how the government bodies that govern the child support system intertwine. (ECF No. 17.) Plaintiff cites to *Davari v. Va. Dep't of Transp.* 434 F.3d 712 (4th Cir. 2006) and *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) as applicable exceptions, but they are not, as both *Davari* and *Monell* are federal employment suits against a governmental department run by the state and neither case addresses pleading for relief from an actual prior decision of the state court as is the case before this court today. (ECF Nos. 17 at 3, 18 at 2.)

Plaintiff's objections are insufficiently specific to warrant *de novo* review of this case pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure and the Magistrate Judge's recommendation does not contain clear error and is therefore **ADOPTED**. Plaintiff's amendments to his original complaint are **GRANTED** but **MOOT** as they fail to cure the deficiencies of Plaintiff's Complaint. Plaintiff's Complaint is **DISMISSED** *without prejudice* and without issuance and service of process, as such, Plaintiff's Motion for Summary Judgment is **DENIED** as **MOOT**.

With regard to Plaintiff's request for clarification regarding "intertwinement", here there is no intertwinement beyond Plaintiff's attempts to have this federal district court reverse a prior state judgment. (ECF No. 18 at 1.) The family court in Spartanburg is entirely state-run and any ruling on the part of this court which would reverse their holding would be unconstitutional under the *Rooker-Feldman* Doctrine. Plaintiff is respectfully advised to research his avenue for appeal in the South Carolina state court system. It would neither be prudent nor appropriate for this court to advise the Plaintiff further on this matter.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 26, 2017
Columbia, South Carolina